UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>RAYMOND MACK<br><br>   Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CRIMINAL ACTION NO. 14-00050-JEI-9<br><br>**OPINION** |

**APPEARANCES:**

JOSE LUIS ONGAY, ESQ.
527 Cooper Street
Camden, New Jersey 08102
 Counsel for Defendant

OFFICE OF THE UNITED STATES ATTORNEY
By: Justin C. Danilewitz, Esq.
   Patrick C. Askin, Esq.
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101
 Counsel for Plaintiff

**Irenas**, Senior District Judge:

 Pending before the Court is Defendant Raymond Mack's Motion to Dismiss the Complaint Because of Post Charge Delays in Violation of the Sixth Amendment of the Constitution of the United States.¹ For the reasons set forth below, Mack's Motion will be denied.

---

¹ The Court exercises jurisdiction pursuant to 18 U.S.C. § 3231.

1

## I.

The circumstances surrounding Defendant Raymond Mack's detention began in March 2013. On March 18, 2013, the Government filed a sealed Criminal Complaint against Mack, charging him with one count of conspiracy to distribute, and to possess with intent to distribute, one kilogram or more of a mixture of substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 846(a)(1), and 846(b)(1)(A). (Complaint, dkt. no. 1)

More than a week later, on March 26, law enforcement agents in Atlantic City arrested Mack, along with fourteen co-Defendants. Mack appeared before Magistrate Judge Williams on the same day and, pursuant to Judge Williams's Order, was held in custody pending his scheduled Detention Hearing on April 9. (Order, dkt. no. 6)

With both the Government and Mack's consent, the Court ordered a continuance on April 9 that continued proceedings from April 9 through May 31 and excluded that period from computing time under the Speedy Trial Act, 18 U.S.C. §§ 3161-74. (Order to Continue, dkt. no. 12) On April 29, the Court granted the Government's application for pre-trial detention following a hearing and review of the relevant evidence. (Order of Detention, dkt. no. 18) On the same day, Mack waived his right to a preliminary hearing. (Waiver, dkt. no. 17)

On May 31, with Mack still in custody, the Government filed a Motion for Speedy Trial Act Exclusion and Complex Case Designation. Following full briefing and a hearing on June 24, the Court issued an Order ruling on the Government's Motion. First, the Court found that Mack was arrested following the authorized wire interceptions of seven cellular telephones over a six-month period from October 2012 through March 2013. (Order for Complex Case Designation, dkt. no. 24, at ¶¶ 1-2) Next, the Court found that the Government, without any obligation under the Federal Rules of Criminal Procedure, began providing recordings of intercepted communications before the hearing on June 24 and intended to provide draft transcriptions of other communications, as well as search warrant applications and investigative reports. (Id. at ¶¶ 3-5) Relying upon these findings, as well as the volume of discovery, the complexity of the prosecution, and similar orders in other related matters, the Court granted the Government's motion. (Id. at 4) The Order continued the proceedings through the filing of an Indictment, and the time for the continuance was again excluded from the Speedy Trial Act time limits. (Id. ¶¶ 6-11)

After the Court granted the Government's Motion, the Government contends that it provided "voluminous discovery" to Mack between April 2013 and January 2014 and periodically updated the Court on this progress at status conferences on

September 24 and November 8.  (Dkt. nos. 28, 31; Gov't Opp. Br. at 2-3)  The Government asserts that it turned over affidavits of probable cause, 10-day reports originally submitted to the Court regarding the progress of the Government's investigation, wiretap sealing orders, audio recordings of wiretapped phone calls, copies of thousands of text messages between co-conspirators, draft transcripts of each wiretap call, as well as surveillance reports and search warrants.  (Gov't Opp. Br. at 2-3)  In addition, the Government met with Mack and his attorney for a reverse proffer on December 11, 2013.  (Id. at 3)  At that meeting, the Government provided an overview of the evidence against Mack.  (Id.)

On January 16, 2014, the Government notified Mack, his co-Defendants, and the Court that it planned to seek an indictment on January 29.  (Letter at 2, dkt. no. 32)  After a slight delay due to inclement weather, Mack was indicted on February 5. (Indictment, dkt. no. 45; Gov't Opp'n Br. at 3 n.1)  Mack's arraignment occurred on February 14, at which time the Court entered a Discovery Order and set a trial date of April 14. (Dkt. No. 55, 62)

Prior to the Grand Jury's Indictment on February 5, Mack moved to dismiss the Complaint on January 27.  (Def.'s Br. ¶¶ 4, 8)  In his brief, Mack contends that the ten months he has spent

in custody constitute an "extreme" delay, in violation of his Sixth Amendment right to a speedy trial. (Id. ¶ 12)

## II.

The sole issue presented by Mack's Motion is whether the current delay in trying Mack violates his Sixth Amendment right to a speedy trial. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. Four factors bear on the determination of whether a defendant has been deprived of his right to a speedy trial under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). None of the four factors is entirely determinative, and the factors "must be considered together with such other circumstances as may be relevant." *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) (quoting *Barker*, 407 U.S. at 533). The Court considers each in turn.

### A.

In assessing the length of the delay, the Court must begin with a two-part inquiry before proceeding to the remaining *Barker* factors. *Battis*, 589 F.3d at 678. If the delay is

5

relatively brief, the Court need not consider any other factor and may therefore conclude that the defendant's speedy trial rights have not been infringed.[2]  *Id.*  On the other hand, if the delay is "sufficiently long," the Court must consider the degree to which the delay intensified the prejudice caused by the delay.  *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)).  Nonetheless, "[l]onger delays can be tolerated, for example, when the crime is very serious or complex."  *Battis*, 589 F.3d at 678 (alteration in original) (quoting *Wells v. Petsock*, 941 F.2d 253, 257 (3d Cir. 1991)).

The Court has set Mack's trial to begin on April 14, 2014, nearly thirteen months after his arrest.  As the delay between the Complaint and trial will exceed one year, the Court cannot deem it "relatively brief" and conclude its analysis there.  However, the history recounted above demonstrates that the crime charged in the Complaint and Indictment is complex.  In its investigation of Mack's fourteen co-defendants and thirty-two co-conspirators, the Government intercepted seven cellular telephones over a six-month period.  (Gov't Opp. Br. at 2)  In addition to the recorded telephone calls, the Government obtained thousands of text messages from the wiretaps, conducted

---

[2] Generally, delays of one year or longer are considered "presumptively prejudicial" and prompt the full *Barker* analysis.  *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

surveillance on Mack and his alleged co-conspirators, and executed search warrants. (Id.) In sum, the Government has obtained a great deal of evidence regarding a large conspiracy accused of possessing and distributing more than a kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Given the complexity of such a large conspiracy, the thirteen months between Mack's arrest and scheduled trial date has not greatly prejudiced Mack; rather, it afforded Mack and the Government an opportunity to review the substantial evidence before proceeding to trial. The delay, while significant, ultimately does not weigh against the Government. Nonetheless, because the delay will exceed one year before trial in April, the Court proceeds to the three other *Barker* factors.

**B.**

The Court must next evaluate the reason for the delay before proceeding to trial. *Barker* categorized three different types of delays: a deliberate effort to delay "in order to hamper the defense" is construed strongly against the Government. *Barker*, 407 U.S. at 531. "A 'more neutral reason such as negligence or overcrowded courts' also weighs against the Government, though 'less heavily.'" *Battis*, 589 F.3d at 679 (quoting *Barker*, 407 U.S. at 531). Third, "a valid reason, such as a missing witness, should serve to justify appropriate

7

delay." *Battis*, 589 F.3d at 679 (quoting *Barker*, 407 U.S. at 531) Ultimately, the Government "bears the burden to justify the delay." *Battis*, 589 F.3d at 679 (quoting *Hakeem v. Beyer*, 990 F.3d 750, 770 (3d Cir. 1993)).

Mack contends that after ten months of pretrial detention, "the Government was simply not ready to try [him]." (Def. Br. ¶ 12) In response, the Government contends that the complex nature of the case is the true cause for delay. (Gov't Opp. Br. at 5) In designating the case as complex in June 2013, the Court found that the Government had already shared a great deal of recordings from wiretapped phone conversations. (Order for Complex Case Designation, ¶ 5) Furthermore, the Court found that the Government intended on sharing further discovery with Mack, including draft transcriptions, search warrant applications, and investigative reports, which required time for the Government to prepare, and time for Mack to review. (<u>Id.</u>) In addition, an earlier delay from April 9 through May 31, 2013, came as a result of Mack's consent. (Order to Continue, dkt. no. 12) As these circumstances demonstrate, one brief delay in bringing Mack to trial was undertaken with his consent, and another lengthier delay was the result of the time-intensive process of undertaking pretrial discovery in a complex case. These reasons for delay do not weigh heavily against the Government.

8

## c.

The third factor is whether the defendant has asserted his right to a speedy trial. *Barker*, 407 U.S. at 531. Where a Defendant complains of a violation of his right, such complaints "provide[] strong evidence" that the right was actually violated. *Battis*, 589 F.3d at 681 (citing *Barker*, 407 U.S. at 531-32). When represented by counsel, a defendant can demonstrate he has asserted his right to speedy trial by undertaking a formal step such as filing a motion "or [show] some evidence of direct instruction to counsel to assert the right at a time when formal assertion would have some chance of success." *Battis*, 589 F.3d at 681 (quoting *Hakeem*, 990 F.2d at 765). However, informal correspondence with the Court is "less convincing." *Battis*, 589 F.3d at 681; *see also United States v. Green*, 516 F. App'x 113, 125 n.8 (3d Cir. 2013).

Here, Mack properly asserted his speedy trial right when he opposed the Government's Motion for Speedy Trial Act Exclusion and Complex Case Designation. Mack's timely opposition to the Government's motion, filed by his counsel, formally opposed the Government's efforts to delay trial.[3] This factor therefore weighs in Mack's favor.

---

[3] Without the assistance of his attorney, Mack also apparently sent letters to the Court protesting the delay. (E.g. Ltr. to Jose Luis Ongay Regarding Ex Parte Communication, dkt. no. 19) This informal correspondence is "less convincing," and does not weigh in his favor because Mack is represented by counsel. *See Green*, 516 F. App'x at 125 n.8.

**D.**

The last *Barker* factor considers prejudice to the defendant. Three specific interests are protected by the speedy trial right: "oppressive pretrial incarceration, [the defendant's] anxiety or concern, or impairment of the defense." *United States v. Velazquez*, No. 05-cr-432-03, 2012 WL 2094061, at *13 (E.D. Pa. June 11, 2012) (citing *Barker*, 407 U.S. at 532). In addition, a defendant may also claim a more general prejudice without providing "affirmative proof of particularized prejudice." *Battis*, 589 F.3d at 682 (quoting *Doggett*, 505 U.S. at 655). To counter claims of prejudice, the Government may show that the defendant consented to the delay, or the Government "affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired." *Battis*, 589 F.3d at 682 (alterations in original) (quoting *Doggett*, 505 U.S. at 658 & n.1).

Here, the Court concludes that Mack cannot demonstrate any prejudice to his speedy trial rights. Throughout the course of Mack's pretrial detention, the Government has shared substantial evidence with Mack, which is undoubtedly useful in preparing his defense given the volume of such evidence. (See, e.g., Order for Complex Case Designation, ¶ 5) Moreover, Mack has not suggested that he has sustained prejudice of any kind, instead suggesting that prejudice may be presumed from the length of the

delay. (Def. Br. ¶ 12) Even if this contention sufficed as an indefinite prejudice under the fourth *Barker* factor, the Government's extensive pretrial discovery offered Mack the opportunity to review the evidence against him to prepare a defense. Given the volume of wiretap recordings, transcripts, and other evidence, this opportunity aided Mack's ability to prepare a defense, rather than impairing it. As such, the delay in the case has not prejudiced Mack.

In sum, Mack has not been deprived of his Sixth Amendment right to a speedy trial. The delay in bringing Mack's case to trial has not caused him any prejudice. Though Mack properly asserted his speedy trial rights, the circumstances of the delay under the full *Barker* analysis do not demonstrate a Sixth Amendment violation.

### III.

In light of the foregoing, Defendant Raymond Mack's Motion to Dismiss the Complaint is denied. An appropriate Order accompanies this Opinion.

Date: 2/28/14

_____
**Joseph E. Irenas, S.U.S.D.J.**

11